IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 NOV -2 AM 10: 39

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|   |   |
|---|---|
| JIM L. TOWNSEND, | X |
| Petitioner, | X |
| vs. | X  No. 05-2508-D/P |
| PAUL G. SUMMERS, et al., | X |
| Respondents. | X |

AMENDED ORDER OF DISMISSAL
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Petitioner Jim L. Townsend, Bureau of Prisons inmate registration number 13003-076, an inmate at the Federal Correctional Institution in Memphis, filed a _pro se_ petition pursuant to 28 U.S.C. § 2254 on July 15, 2005. The Court issued an order on July 25, 2005 directing the petitioner, within thirty days, to file a properly completed _in forma pauperis_ affidavit or pay the habeas filing fee. Petitioner paid the habeas filing fee on August 8, 2005.

I.   STATE COURT PROCEDURAL HISTORY

This petition challenges convictions obtained in the Shelby County Criminal Court more than twenty years ago. On or about November 8, 1983, Townsend entered guilty pleas to two counts

of unlawful and felonious possession of narcotics with intent to sell and one count of unlawful and felonious possession of narcotics with intent to deliver. He was sentenced to four years' imprisonment. The petition does not indicate whether Townsend appealed his sentence.

Townsend apparently filed no collateral challenges to these convictions until May 18, 2004, when he filed a "Motion to Petition this Court for a Writ of Error Coram Nobis or in the Alternative for Application for Post-Conviction Relief." Although Townsend conceded that his sentences on these charges have expired and he is no longer in the custody of the State of Tennessee, he asserts that he remains under "constructive custody" of these sentences because these convictions were used to enhance the subsequent federal sentence he is currently serving.[1] The trial court dismissed the petition on August 6, 2004, reasoning that, if the petition is treated as a petition for writ of error coram nobis, the petition fails to allege newly discovered evidence and is time barred. Second, if treated as a petition for postconviction relief, the petition is time barred. Finally, if treated as an application for the writ of habeas corpus, the petition fails because Townsend failed to attach the indictments. The Tennessee Court of Criminal Appeals affirmed, although it held that Townsend

---

[1] In 1992, Townsend was convicted of violating 21 U.S.C. §§ 841 and 846 and was sentenced to a mandatory term of life imprisonment. United States v. Townsend, No. 91-20148-G (W.D. Tenn.).

2

was not entitled to habeas corpus relief because he is no longer in the custody of the State of Tennessee and his sentences have expired. Townsend v. State, No. W2004-02161-CCA-R3-CO, 2005 WL 839904 (Tenn. Crim. App. Apr. 12, 2005).

II. PETITIONER'S FEDERAL HABEAS CLAIMS

In this federal habeas petition, Townsend contends that both of his state indictments were insufficient and defective and, therefore, the state court lacked jurisdiction to accept his guilty plea.

III. ANALYSIS OF THE MERITS

The first issue to be considered is the timeliness of this petition. Twenty-eight U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall begin to run from the latest of—

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and

3

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioners whose convictions became final before the effective date of the AEDPA had a one-year grace period, until April 24, 1997, to seek federal habeas relief. Brown v. O'Dea, 187 F.3d 572, 577 (6th Cir. 1999), vacated on other grounds, 530 U.S. 1257 (2000).[2]

Application of these provisions in this case is straightforward. Because Townsend's conviction became final before April 23, 1996, he had until April 23, 1997 to file a timely § 2254 petition. He apparently did not do so and, therefore, this petition, which was signed on July 11, 2005, is plainly time barred.[3]

---

[2] State convictions ordinarily become "final" within the meaning of § 2244(d)(1)(A) at the expiration of the time for filing a petition for a writ of certiorari from a decision of the highest state court on direct appeal. Bronaugh v. Ohio, 235 F.3d 280, 283 (6th Cir. 2000). Townsend did not take a direct appeal, so his conviction became final no later than the expiration of the time for taking a direct appeal. See Sanchez-Castellano v. United States, 358 F.3d 424 (6th Cir. 2004) (§ 2255 motion); see also United States v. Cottage, 307 F.3d 494, 499 (6th Cir. 2002) ("when a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final either on the date that the judgment was entered . . . or on the date on which the time for filing such appeal expired"; describing the latter as the "majority view"). In Tennessee, with certain exceptions that are not applicable here, a notice of appeal must be filed within thirty days of the entry of judgment. Tenn. R. App. P. 4(a).

[3] Section 2244(d)(1) provides that the limitations period begins to run from the latest of the four specified circumstances. In this case, however, an examination of Townsend's petition reveals no basis for concluding that the

(continued...)

4

The one-year limitations period applicable to § 2254 motions is subject to equitable tolling. Griffin v. Rogers, 308 F.3d 647, 652-53 (6th Cir. 2002); see also Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir. 2001) (equitable tolling also applies to § 2255 motions). Five factors are relevant to determining the appropriateness of equitably tolling a statute of limitations:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Dunlap, 250 F.3d at 1008.[4]

The Sixth Circuit has stated that "equitable tolling relief should be granted only sparingly." Amini, 259 F.3d at 500; see also Vroman v. Brigano, 346 F.3d 598, 604 (6th Cir. 2003); Jurado v. Burt, 337 F.3d 638, 642 (6th Cir. 2003).

> Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. . . . Absent compelling equitable considerations, a court should not extend limitations by even a single day.

---

[3] (...continued) limitations period commenced at any time later than the date on which his conviction became final.

[4] This five-factor standard is identical to the test used to determine whether equitable tolling is appropriate in other contexts, including employment discrimination cases. Amini v. Oberlin College, 259 F.3d 493, 500 (6th Cir. 2001) (citing Dunlap); Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998).

5

Graham-Humphreys v. Memphis Brooks Museum, Inc., 209 F.3d 552, 560-61 (6th Cir. 2000); see also King v. United States, 63 Fed. Appx. 793, 795 (6th Cir. Mar. 27, 2003); Johnson v. U.S. Postal Serv., No. 86-2189, 1988 WL 122962 (6th Cir. Nov. 16, 1988) (refusing to apply equitable tolling when pro se litigant missed filing deadline by one day). Thus, ignorance of the law by pro se litigants does not toll the limitations period. Price v. Jamrog, 79 Fed. Appx. 110, 112 (6th Cir. Oct. 23, 2003); Harrison v. I.M.S., 56 Fed. Appx. 682, 685-86 (6th Cir. Jan. 22, 2003); Miller v. Cason, 49 Fed. Appx. 495, 497 (6th Cir. Sept. 27, 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); Brown v. United States, 20 Fed. Appx. 373, 374 (6th Cir. Sept. 21, 2001) ("Ignorance of the limitations period does not toll the limitations period."); cf. Jurado, 337 F.3d at 644-45 (lawyer's mistake is not a proper basis for equitable tolling).[5]

Townsend cannot satisfy his burden of demonstrating that equitable tolling would be appropriate in this case. The petition presents no explanation for Townsend's failure to file a timely habeas petition. Although it is possible that Townsend was unaware of the federal limitations period (as evidenced by the fact that

---

[5] See also Cobas v. Burgess, 306 F.3d 441 (6th Cir. 2002) ("Since a petitioner does not have a right to assistance of counsel on a habeas appeal . . . , and because an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations . . . , we are loath to impose any standards of competency on the English language translator utilized by the non-English speaking habeas petitioner.").

6

the version of 28 U.S.C. § 2254 that is quoted in the petition was superseded by materially different language in 1996), that ignorance does not excuse his failure timely to file. Moreover, in light of the facts that the state sentences were imposed twenty-two years ago, and the federal sentence was imposed thirteen years ago, Townsend was not diligent in protecting his rights. See Pace v. DiGugliolmo, 125 S. Ct. 1807, 1815 (2005).

Accordingly, the Court DISMISSES the petition, in its entirety, as time barred.[6]

IV. APPEAL ISSUES

The Court must also determine whether to issue a certificate of appealability ("COA"). The statute provides:

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>  (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>  (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

---

[6] Although the Court ordinarily does not address the merits of untimely claims, it is also readily apparent that Townsend did not exhaust the claims presented in this petition in state court, as required by 28 U.S.C. § 2254(b)(1). As no further avenues exist for doing so, the claims are barred by procedural default.

7

      (3)    The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c); see also Fed. R. App. P. 22(b); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability under the AEDPA). No § 2254 petitioner may appeal without this certificate.

      In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

      The Supreme Court recently cautioned against undue limitations on the issuance of certificates of appealability:

> [O]ur opinion in Slack held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in Slack would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'"

8

<u>Miller-El v. Cockrell</u>, 537 U.S. 322, 337 (2003) (quoting <u>Barefoot</u>, 463 U.S. at 893). Thus,

> A prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. . . . We do not require petitioners to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

<u>Id.</u> at 338 (quoting <u>Barefoot</u>, 463 U.S. at 893); <u>see also</u> <u>id.</u> at 342 (cautioning courts against conflating their analysis of the merits with the decision of whether to issue a COA; "The question is the debatability of the underlying constitutional claim, not the resolution of that debate.").[7]

In this case, there can be no question that any appeal by this petitioner does not deserve attention for the reasons previously stated. The Court, therefore, DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying habeas petitions. <u>Kincade v. Sparkman</u>, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal <u>in forma pauperis</u> in a habeas case, and thereby avoid the $255 appellate

---

[7] By the same token, the Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." <u>Id.</u> at 337. Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not." <u>Id.</u>

9

filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). <u>Kincade</u>, 117 F.3d at 952. Rule 24(a)(3) provides that if a party was permitted to proceed <u>in forma pauperis</u> in the district court, he may also proceed on appeal <u>in forma pauperis</u> without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed <u>in forma pauperis</u> and supporting affidavit in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal <u>in forma pauperis</u> is DENIED. Accordingly, if petitioner files a notice of appeal, he must also pay the full $255 appellate filing fee or file a motion to proceed <u>in forma pauperis</u> and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this 31 day of October, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

10

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 5 in case 2:05-CV-02508 was distributed by fax, mail, or direct printing on November 2, 2005 to the parties listed.

---

Jim L. Towsend
FCI-MEMPHIS
13003-076
P.O. Box 34550
Memphis, TN 38184

Honorable Bernice Donald
US DISTRICT COURT